**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-40977**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**SANTOS MONCIVAIS, JR.,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(L-96-CR-5-ALL)
_____

December 4, 1997

Before KING and JONES, Circuit Judges and KENDALL, District Judge.[*]

EDITH H. JONES, Circuit Judge:[**]

Santos Moncivais, Jr. was convicted of possession with intent to distribute marihuana and of conspiring to possess with intent to distribute marihuana pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Moncivais appeals the district court's denial

_____

[*]District Judge for the Northern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his motions for judgment of acquittal on the ground that there was insufficient evidence to support his conviction.  We affirm.

## I.  FACTUAL BACKGROUND

At trial, the government presented evidence to establish that on December 21, 1995, Moncivais was stopped at the I-35 Border Patrol checkpoint north of Laredo on a trip to Houston in a tractor-trailer he owned and operated.  Inside the cab, Border Patrol agents found approximately 190 pounds of marihuana.

When questioned by Border Patrol agents, Moncivais appeared nervous and avoided eye contact with the officers.  He told the Border Patrol agents that an unidentified individual in Nuevo Laredo had contacted him, and the two had agreed to trade Moncivais's 1976 pick-up truck for the marihuana, which the unidentified individual would deliver to a pick-up location in the United States.  Moncivais claimed that he picked up the marihuana at the agreed location, stored the drugs for a few days, and then loaded them into his tractor-trailer for transportation to an exact location he would not disclose.

At trial, Moncivais testified that he had no knowledge of the marihuana until it was discovered by the Border Patrol agents. He claimed that, without his knowledge, Elias Robledo had loaded the marihuana into his tractor-trailer.  Moncivais testified that he made up the story he told the Border Patrol agents at the checkpoint

2

because he feared that Robledo might seek retribution against him or his family. He testified that Robledo would often accompany him on trips and that Robledo had keys to his tractor-trailer. According to Moncivais, Robledo had planned to accompany Moncivais to Houston. Moncivais stated that Robledo had suggested on several past occasions that they make money by transporting marijuana.

## II. ANALYSIS

When reviewing a district court's denial of a motion for judgment of acquittal, this court views the evidence and the inferences therefrom in the light most favorable to the government to determine if a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *See United States v. Willis*, 38 F.3d 170, 178 (5th Cir. 1994). This court's review "does not extend to weighing the evidence or assessing the credibility of witnesses." *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir.), *cert. denied*, 116 S. Ct. 1867 (1996). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *Id.*

### A.   Conspiracy to possess with intent to distribute

In order to establish a narcotics conspiracy under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt that (1) there existed an agreement between two or more persons

3

to violate narcotics laws; (2) the defendant had knowledge of the agreement; and (3) the defendant voluntarily participated in that agreement. *See United States v. Simmons*, 918 F.2d 476, 483-84 (5th Cir. 1990). The government need not prove the existence of a formal agreement, but only that two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common and unlawful plan. *See id.* at 484.

Considering the evidence presented at trial, a reasonable juror, while dismissing Moncivais's "drug-for-truck" trade story, could have believed that Moncivais voluntarily conspired with either an unidentified individual in Mexico or Elias Robledo to transport drugs to Houston for distribution. Moncivais's claims of picking up the drugs at a drop-off point, storing them near his home, and then possessing them in the cab of his tractor-trailer all point to Moncivais as a player in a drug distribution scheme. He was arrested carrying approximately 190 pounds of marihuana, an amount unlikely to be for personal use, packaged in 28 7-pound bags from Laredo to Houston, a major drug distribution hub. A Border Patrol agent testified at trial that one person could not have singlehandedly loaded all of the marihuana into the tractor-trailer. Looking at the facts in the light most favorable to the government, it was reasonable for the jury to believe that Moncivais did not grow, package, or intend to distribute the drugs himself. The jury could reasonably

4

conclude that Moncivais conspired to transport and distribute drugs in the United States.

Moncivais also argues that his conspiracy conviction rests only upon his uncorroborated statements to Border Patrol agents at the checkpoint. An accused may not be convicted on his own uncorroborated confession. *See Smith v. United States*, 348 U.S. 147, 152 (1954). However, "[t]he corroborative evidence alone need not prove the defendant's guilt beyond a reasonable doubt, nor even by a preponderance, 'as long as there is substantial independent evidence that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that the defendant is guilty.'" *United States v. Garth*, 773 F.2d 1469, 1479 (5th Cir. 1985) (quoting *Smith*, 348 U.S. at 156). The facts of this case and the reasonable inferences therefrom provide substantial independent evidence of Moncivais's participation in a conspiracy.

**B.    Possession with intent to distribute**

A conviction for the offense of possession of marihuana with intent to distribute under 21 U.S.C. § 841(a)(1) requires proof beyond a reasonable doubt that the defendant (1) knowingly (2) possessed marihuana (3) with intent to distribute it. *See Lopez*, 74 F.3d at 577. The elements of possession with intent to distribute may be established by circumstantial evidence. *See United States v. Cardenas*, 9 F.3d 1139, 1158 (5th Cir. 1993).

5

Knowledge may be inferred from the circumstances of the case. *See United States v. Steen*, 55 F.3d 1022, 1032 (5th Cir. 1995) (stating that knowledge can be inferred from suspicious circumstances that demonstrate consciousness of guilt, including nervousness and inconsistent, implausible, or fabricated explanations for the defendant's possession of the drugs); *United States v. Shabazz*, 993 F.2d 431, 441 (5th Cir. 1993) (holding that knowledge of the presence of contraband may ordinarily be inferred from the exercise of control over the vehicle in which it is concealed). Possession may be actual or constructive. *See United States v. Lopez*, 979 F.2d 1024, 1031 (5th Cir. 1992). One who owns or controls a vehicle that contains contraband can be deemed to possess. *See id.* Intent to distribute may be inferred from a large quantity of illegal narcotics and the value and quality of the drug. *See Cardenas*, 9 F.3d at 1158.

Moncivais admitted knowledge of the marihuana at the checkpoint. He appeared nervous and avoided eye contact with officers. He told Border Patrol agents an implausible story regarding a "drug-for-truck" trade. Moncivais was the owner of the tractor-trailer and in sole control of it on the night he was arrested. Border Patrol agents testified that the smell of marihuana permeated the cab and that it was readily apparent that the bunk in Moncivais's tractor (which was located directly behind the driver's seat) did not fit properly because of the

marihuana underneath it.   Finally, 190 pounds of marihuana with a street value of between $38,000 and $150,000 is significantly more that an amount signifying personal use.

Looking at the facts in the light most favorable to the government, it was reasonable for the jury to conclude the Moncivais possessed the marihuana with the intent to distribute.

### III.  CONCLUSION

Having considered all of the arguments Moncivais presents in his brief, we conclude that the district court was correct in denying Moncivais's motions for judgment of acquittal. The government's evidence of conspiracy and possession with intent to distribute was sufficient to support the guilty verdict.

**AFFIRMED.**